Curia, per

Evans, J.
The fact was clearly established, that immediately after the order was made for his discharge, at Fall Term, 1840, the defendant went beyond the prison bounds, and remained without them, until at or about the beginning of the next term.
And the only question which I propose to discuss is, whether by this act he forfeited his right to be discharged, under the insolvent Act of 1759. By the Act of 1788, sec. 7, it is enacted* "that no prisoner shall be discharged, if he or she has been seen without tlie prison rules, without being legally authorized to do so.” The defendant did go and remain without, and unless he has shown that he had legal authority to do so, this question must be decided against him. The general rule is, that any order or judgment of a Court, having jurisdiction of the subject matter, is binding and conclusive, until reversed ; and I think the defendant was not bound to go back to prison, there to wait until the plaintiff had decided whether he would appeal. The order conferred on him the privilege to go at large, and this privilege he might lawfully exercise so long as the order was a subsisting one ; during that time it was a shield and protection to him. But when the order was reversed, as to future events, it was as if it had never existed, and all the rights acquired under it, from that time, ceased and determined.
The defendant being a party to the appeal, was bound to take notice of the result of it. When the order was revoked, he no longer had any legal authority to be without the jail bounds. He should have returned, but he did not; and it is the opinion of this Court, that he thereby forfeited his right to be discharged under the insolvent law. The motion to reverse the decision of the Circuit Court is therefore granted.
HichaRDSon, OINeall and ButleR, JJ., concurred.